# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bricklayers and Allied Craftworkers Service Corporation, a Minnesota nonprofit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Dominionaire Contracting, Inc., a Minnesota corporation; and Robert Griffin, individually,<br><br>    Defendants. | File No. 24-CV-04462 (JMB/DLM)<br><br>**ORDER** |

Thomas C. Atmore and Patrick Bower, Martin & Squires, P.A., St. Paul, MN, for Plaintiff Bricklayers and Allied Craftworkers Service Corporation.

This matter is before the Court on Plaintiff Bricklayers and Allied Craftworkers Service Corporation's (the Service Corporation) motion for a finding of contempt and for sanctions. (Doc. No. 25.) For the reasons explained below, the Court grants the motion for a contempt finding and sanctions against Defendants Dominionaire Contracting, Inc. (Dominionaire) and its owner, Robert Griffin (together, Defendants) for failing to comply with the Court's June 13, 2025 Order (Doc. No. 19) and, in its discretion, imposes sanctions as set forth below.

## BACKGROUND

The facts of this case are set out in detail in the Court's June 13, 2025 Order (Doc. No. 19) and in another order for entry of default judgment, which is being filed contemporaneously. Therefore, the Court only summarizes the relevant facts here.

1

In December 2024, the Service Corporation filed a Complaint against Defendants, in which it alleged that Defendants violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(g), 1132(e), 1145. (Doc. No. 1 [hereinafter, "Compl."].) In it, Service Corporation alleges that it is a fiduciary authorized under ERISA, 29 U.S.C. § 1132(e)(1), to collect and receive employer contributions. (*Id.* ¶¶ 2–6.) Dominionaire was a signatory to a collective bargaining agreement (CBA) with the Bricklayers and Allied Craftworkers Local Union 1, through April 30, 2025, and, as a result, it was required to make certain employer contributions to the Service Corporation for all hours worked by its employees on "covered work." (*Id.* ¶¶ 6, 10, 12.) Griffin personally guaranteed Dominionaire's obligations under the CBA. (*Id.* ¶ 11.)

The CBA required Dominionaire to submit monthly reports to the Service Corporation to show the amount it owes in fringe-benefit contributions, and, further, to pay those amounts to the plan. (*Id.* ¶ 14.) Dominionaire became delinquent on its fringe-benefit payment obligations from at least May 2024 to August 2024 and in its reporting obligations (and potentially its payment obligations, as well) in at least October 2024. (Compl. ¶¶ 17–18, 26). When the Service Corporation moved for default judgment in this action in March 2025, it submitted evidence that Dominionaire's delinquency had continued throughout the pendency of the action, through at least April 2025. (Doc. No. 13 ¶¶ 12–13; Doc. No. 16 ¶ 6.)

Defendants did not answer or respond to the Complaint and have not appeared in this action. Upon the Service Corporation's application, the Clerk entered default in the Service Corporation's favor. (Doc. No. 9.)

2

On June 13, 2025, the Court granted in part the Service Corporation's motion for default judgment, finding Defendants liable for unpaid fringe-benefit contributions for the period May 2024 to April 2025 and ordering Defendants to produce to the Service Corporation accurate fringe-benefit reporting forms for Dominionaire for the months of October 2024 through April 2025. (Doc. No. 19 at 4–6, 8.) Specifically, the Court ordered: "Within 14 days of service of this Order, Defendants must produce complete and accurate monthly fringe-benefit report forms for the period October 2024–April 2025 to Plaintiff." (*Id.* at 8.) These reports would serve as the basis for a determination of any additional fringe-benefit contributions that Defendants owe. (*Id.*)

On June 18, 2025, the Service Corporation served the June 13, 2025 Order on Defendants by certified mail and first class mail. (Doc. No. 21.) Thus, the deadline for production of the required reports was July 2, 2025. (*See* Doc. No. 28 ¶ 3.) Defendants did not produce any missing monthly fringe benefit reports. (*Id.* at ¶ 4.) Defendants "have not responded in any way to the Order or to Plaintiff's counsel's communications." (*Id.*)

On September 17, 2025, the Service Corporation moved for a finding of contempt and sanctions against Defendants (Doc. No. 25), serving the sanctions motion and related papers on Defendants by first class mail to Defendants' last known address (Doc. No. 30).[1] The Service Corporation noticed a hearing on the motion for November 4, 2025. (Doc. No. 26.) The Court held a hearing on the sanctions motion at the noticed date and time. Defendants did not appear.

---

[1] The Service Corporation's counsel confirmed at the hearing that the address they used for the mailings was the last known address for each of the Defendants. (*See also* Compl. ¶ 6.)

3

## DISCUSSION

Courts have authority to compel compliance with their orders through a finding of civil contempt and the imposition of sanctions for noncompliance. *See* 18 U.S.C. § 401; Fed. R. Civ. P. 70(e); *see also Chi. Truck Drivers v. Bhd. of Labor Leasing*, 207 F.3d 500, 505–07 (8th Cir. 2000). That authority permits a court in its discretion to "punish by fine or imprisonment, or both." 18 U.S.C. § 401. The objective of a court's contempt power is "to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers*, 207 F.3d at 504. Civil contempt may be used to coerce a party to comply with a court order, to compensate their opponent for losses, or both. *Id.* at 505. "A federal district court has broad discretion to design a remedy." *Bricklayers & Allied Craftworkers Serv. Corp. v. O'Hara Masonry, Inc.*, No. 22-CV-2003 (KMM-TNL), 2023 WL 4580971, at *1 (D. Minn. July 18, 2023) (citation modified).

Courts in this district routinely award sanctions and hold defendants in contempt for noncompliance with orders in ERISA collection cases. *E.g.*, *O'Hara Masonry*, 2023 WL 4580971, at *4 (finding defendant and its owner in contempt and imposing a $25-per-day fine and attorney fees and costs); *Schrunk v. J & T Servs., LLC*, No. 19-CV-1137-SRN-DTS, 2021 WL 778084, at *3–4 (D. Minn. Mar. 1, 2021) (finding defendant through its owner in contempt and imposing fine of $50 per day for noncompliance); *Reed v. A & A Stanley Constr., Inc.*, No. CIV. 12-869 MJD/LIB, 2014 WL 6473426, at *1 (D. Minn. Nov. 18, 2014) (holding defendant and its owner in contempt of court and ordering imprisonment of owner for failing to comply with post-judgment discovery). Courts have

specifically levied civil contempt sanctions where, as here, a defendant has refused to engage in discovery necessary to determine the extent of unpaid benefit contributions. *E.g.*, *Mackey v. Edde Constr., LLC*, No. 14-CV-922 (SRN/SER), 2014 WL 6454003, at *1 (D. Minn. Nov. 17, 2014) (citation omitted) (sanctioning employer for failure to produce adequate records despite court order).

A party moving for civil contempt bears the burden of proving by clear and convincing evidence that a court order was violated. *Chi. Truck Drivers*, 207 F.3d at 505 (citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)). The party must show "that (1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order." *O'Hara Masonry*, 2023 WL 4580971, at *2 (quoting *Schrunk*, 2021 WL 778084, at *3). If the moving party satisfies this burden, then the burden shifts to the alleged contemnor to show an inability to comply. *Chi. Truck Drivers*, 207 F.3d at 505. To satisfy that burden, the alleged contemnor must show "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." *United States v. Santee Sioux Tribe*, 254 F.3d 728, 736 (8th Cir. 2001) (quoting *Chi. Truck Drivers*, 207 F.3d at 506)).

The Service Corporation has satisfied its burden of proof. The Court's June 13, 2025 Order (Doc. No. 19) was a valid order, with clear and definite instructions. Defendants had knowledge of that order (Doc. No. 21), but failed to timely produce the report forms for the required period (Doc. No. 28 ¶ 4). For their part, Defendants have not

appeared in this action and have offered no reason for their noncompliance. Therefore, Defendants failed to carry their burden. *See O'Hara Masonry*, 2023 WL 4580971, at *3.

Therefore, the Court finds Defendants in contempt and will grant in part the Service Corporation's request for sanctions. The Service Corporation asks the Court to fine each Defendant $100 per day for each day of non-compliance with the Order. (Doc. No. 27 at 7.) The Service Corporation suggests that taking Griffin into custody until he complies would also be appropriate but stops short of actually requesting that relief. (*Id.*) Finally, it seeks an award of its attorney fees and costs incurred in connection with filing this sanctions motion and asks the Court to hold Defendants jointly and severally responsible for that fee award. (*Id.* at 8–9.) An itemization of the Service Corporation's fees and costs associated with preparing this motion, excluding time spent preparing for the hearing, is included in the October 14, 2025 Bower Declaration and incorporated into the request for a fee award made in connection with the motion to amend. (*See* Doc. No. 35.)

A fine to coerce compliance with a court order is within the Court's contempt authority. 18 U.S.C. § 401; *Chi. Truck Drivers*, 207 F.3d at 505. The Court "has broad discretion to design a remedy that will bring about compliance." *O'Hara Masonry*, 2023 WL 4580971, at *3 (quoting *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007)).

The Court finds that the Service Corporation's request for a fine is appropriate but that $100 per day per Defendant is disproportionate to the noncompliance at this time. The Court orders each Defendant to pay $50 per day until the required monthly reports are produced, with the fine beginning today. The Court declines to order Griffin to be taken

6

into custody at this time. Finally, the Court will, as compensation, award the Service Corporation its reasonable fees and costs in pursuing this sanctions motion, *see Chi. Truck Drivers*, 207 F.3d at 505, but will consider that award in the context of the total fee award that the Service Corporation seeks with its motion to amend. (Doc. No. 31.)

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Plaintiff Bricklayers and Allied Craftworkers Service Corporation's motion for finding of contempt and for sanctions (Doc. No. 25), is GRANTED as follows:

1. Dominionaire and Griffin shall each pay a fine to the Court of $50 per day that they fail to comply with the June 13, 2025 Order, from the date of this Order until such date they submit the required missing monthly fringe benefit reports to Plaintiff and otherwise comply with the Order. The fines shall be due immediately and are payable to the Clerk of U.S. District Court, District of Minnesota. It is Defendants' responsibility and obligation to make arrangements with the Clerk of Court for the payment of any amount that becomes due.

2. Plaintiff's counsel shall notify the Court promptly if and when Defendants comply with the June 13, 2025 Order.

3. Plaintiff shall serve this Order on Defendants via mail addressed to Defendants' last known addresses, attempt to personally serve this Order upon Griffin, and file proof of such service with the Court.

4. Defendants are advised that they can quickly come into compliance with the Order by providing the required information. Further noncompliance only serves to magnify the seriousness of this issue and the penalties at issue.

Dated:  November 5, 2025

*s/ Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court